**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JAIRO LEONEL CHACON RODRIGUEZ (A-No. 221-059-535),

Petitioner,

v.

WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-04963-JLT-EGC

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION TO APPOINT COUNSEL; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 3)

Before the Court is Jairo Leonel Chacon Rodriguez's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Honduras. (Doc. 1 at 2.) Petitioner entered the United States without inspection, at an unknown place and time. (Doc. 11-1 at 3.) Petitioner indicates that he is currently applying for a U-visa as a victim of a crime and is not currently subject to a final order of removal.[1] (*See* Doc. 1 at 21.) Petitioner has no criminal history, though the I-213 indicates

[1] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that this case is pending with no final order of removal in place. EOIR, Automated Case Information,

that he has an "active officer safety alert for carrying a firearm." (Doc. 11-1 at 3.) On April 30, 2026, Petitioner was stopped by local police in a traffic stop and referred to ICE. (*Id*. at 2.) ICE conducted a brief interview and determined that he was present in the United States unlawfully and subsequently arrested him. (*Id*.) ICE then processed him with a Notice to Appear charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*See id*. at 3.) ICE eventually transferred Petitioner to the California City Detention Center, where he remains. (Doc. 1 at 2.)

On June 29, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1.) On August 11, 2026, Respondents filed an opposition arguing that Petitioner is an applicant for admission under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A) and therefore his detention is mandatory. (Doc. 10 at 1; Doc. 11 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also R.P.V.*, *v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the

---

https://acis.eoir.justice.gov/en/caseinformation (last visited August 20, 2026).

Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because from the record, it does not appear that Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;
2. The motion to appoint counsel (Doc. 3) is **DENIED**.[2]
3. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
4. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.
5. **<u>At least 72 hours before</u>** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours</u>** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

[2] Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, because the Court **GRANTS** the habeas petition and orders a substantive bond hearing, the interests of justice do not require appointment of counsel.

6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the California City Detention Center in California City, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: August 21, 2026

UNITED STATES DISTRICT JUDGE